IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LATOYA R. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-01080-O-BP |
| | § | |
| FORT WORTH VA CLINIC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant's Motion to Dismiss (ECF No. 15), Plaintiff's Rebuttal (ECF No. 17), and Defendant's Reply (ECF No. 18). After considering the Motion, record, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion **in part**.

**I.     BACKGROUND**

Plaintiff LaToya Johnson is a veteran and single parent proceeding *pro se* and *in forma pauperis* against Defendant Fort Worth VA Clinic. ECF Nos. 6; 8 at 1, 12; 20 at 1. She suffers from colitis, with symptoms of stomach pain, severe diarrhea, and nausea. ECF No. 8 at 3. Johnson claims the Fort Worth VA Clinic, her primary healthcare provider, ignored her medical complaints of abdominal pain since 2013. *Id.* at 10-11; *see also* ECF No. 1 at 2.

When she finally had surgery in January 2020, Johnson alleges her intestines were "covered in adhesion[s]" and "all [her] lower intestines were on the right side of [her] body." ECF No. 8 at 3. Johnson continues to struggle with "severe stomach pain even till this day" (*id.* at 10) and "still need[s] another stomach surgery to put [her] abdomen back together." ECF No. 1 at 1.

In March 2020 Johnson submitted an administrative tort claim to the U.S. Department of Veterans Affairs ("VA"), alleging the VA's negligence in treating her condition. *See* ECF No. 20 at 2, 5. The VA denied the claim as time-barred and meritless in March 2021. *Id.* at 5. So on September 24, 2021, Johnson sued the Fort Worth VA Clinic here, seeking approximately $400,000 in damages. ECF Nos. 1; 8 at 13. The Clinic defended by filing the instant Motion, asserting sovereign immunity and seeking dismissal of Johnson's complaint under Federal Rule of Civil Procedure 12(b)(1). ECF No. 15.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) permits motions to dismiss a case for lack of subject-matter jurisdiction. *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). A court thus "properly dismisse[s] for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, *Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The "burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Rule 12(b)(1) motions present either "facial" or "factual" attacks to the Court's jurisdiction. *Brown v. Peterson*, No. 7:03-cv-0205, 2006 WL 349805, at *4 (N.D. Tex. Feb. 3, 2006). Where, as here, the defendant challenges the pleadings alone and does not support its motion with evidence, the attack is considered facial. *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 954 (N.D.

Tex. 2013); *see also Parks v. Hinojosa*, No. 4:21-cv-00111-O, 2021 WL 1720219, at *2 (N.D. Tex. Apr. 30, 2021) (explaining that Rule 12(b)(1) motions are presumptively facial attacks).

The Court must "merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Lowe*, 972 F. Supp. 2d at 953; *see also McDuffy v. Jessup*, No. 3:09-cv-2247-P, 2010 WL 11561772, at *1 (N.D. Tex. May 20, 2010) (explaining the Court may consider answers to court-issued questionnaires as part of the complaint). "The Court must liberally construe the allegations of a *pro se* complaint." *Obinyan v. Prime Therapeutics LLC*, No. 3:18-cv-0933-D, 2020 WL 5351607, at *1 (N.D. Tex. Mar. 5, 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Any dismissal for lack of subject-matter jurisdiction "should be made without prejudice." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (citing Fed. R. Civ. P. 41(b) and *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996)).

**III.   ANALYSIS**

At issue is whether Johnson invokes the Court's jurisdiction, without which the Court may not review her claims, no matter how meritorious they may be. *See Kokkonen*, 511 U.S. at 377. So far, she does not, because of sovereign immunity: "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287 (1983); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987) (explaining sovereign immunity extends to the "United States, its departments, and its employees in their official capacities as agents of the United States"). Consequently, "the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Johnson sues the Fort Worth VA Clinic, which is operated by the VA. ECF No. 20 at 1; *see also* 38 U.S.C. § 301; *Fort Worth VA Clinic*, U.S. DEP'T OF VETERANS AFFS., https://www.va.gov/north-texas-health-care/locations/fort-worth-va-clinic/ (last visited May 4, 2022); Fed. R. Evid. 201(b) (stating a court may take judicial notice of a fact not subject to reasonable dispute). The Clinic is thus entitled to sovereign immunity, *see Williamson*, 815 F.2d at 373, unless Congress consented to its being sued. *See Block*, 461 U.S. at 287. There is no indication of such consent. And Johnson, who bears the burden of establishing this Court's jurisdiction, *Howery*, 243 F.3d at 916, does not cite any legal authorities to the contrary in responding to the Clinic's Motion. ECF No. 17. Consequently, the Court must grant the Motion and dismiss her case, at least in part.

Because Johnson proceeds *pro se*, the Court should liberally construe the allegations in her complaint, as supplemented by her questionnaire answers. *See Obinyan*, 2020 WL 5351607, at *1; *McDuffy*, 2010 WL 11561772, at *1. Liberally construed, Johnson's complaint could support a claim over which this Court has jurisdiction under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 1346(b). The FTCA is a "limited waiver of the sovereign immunity of the United States government" and "a grant of jurisdiction to the federal courts, reflecting the government's consent to be sued in certain situations." *Galvin v. OSHA*, 860 F.2d 181, 183 n.2 (5th Cir. 1988) (citing 28 U.S.C. § 1346(b)). Included in those situations are "civil actions on claims against the United States, for money damages" to compensate "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Johnson's allegations may thus support a cognizable FTCA claim. *See Wicks v. Parkland Hosp.*, No. 3:09-cv-0580-B, 2009 WL 3363764,

at *3 (N.D. Tex. Oct. 15, 2009) ("[T]he court liberally construes the [*pro se*] complaint to raise a claim under the [FTCA]."). Three incidental issues arise, however.

First is the proper-party issue. In an FTCA claim, "the United States, and not the responsible agency or employee, is the proper party defendant." *Galvin*, 860 F.2d at 183. Johnson names as Defendant the Fort Worth VA Clinic, not the United States, and "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* Accordingly, the Court must dismiss Defendant Fort Worth VA Clinic regardless. But the Court should construe Johnson's complaint as alleging an FTCA claim against the United States. *See Mathis v. Dall. Health Care*, No. 3:09-cv-0410-G, 2009 WL 1321652, at *2 (N.D. Tex. Mar. 25, 2009) (deeming a suit against "the Dallas VA Health Care facility for medical negligence" as "an action against the United States" under the FTCA), *rec. adopted*, 2009 WL 1321652, at *1 (N.D. Tex. May 11, 2009). It thus appears the first issue does not warrant dismissal.

Second is the presentment issue: "Before filing suit under the FTCA, the plaintiff must 'first present[] the claim to the appropriate Federal agency.'" *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016) (quoting 28 U.S.C. § 2675(a)). This issue is similarly jurisdictional and "must be pleaded and proven by the FTCA claimant." *Anderson v. United States*, No. 4:18-cv-871-O, 2022 WL 800729, at *4 (N.D. Tex. Mar. 16, 2022). In her Supplemental Questionnaire Answers, Johnson alleges she presented her claim to the VA in writing. ECF No. 20 at 2. And she provides documentation indicating the VA reviewed and denied her claim. *Id.* at 5. It likewise appears the second issue does not warrant dismissal.

Third is the statute of limitations issue, which may warrant dismissal. The FTCA "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal

court 'within six months' after the agency acts on the claim." *United States v. Wong*, 575 U.S. 402, 405 (2015) (citing 28 U.S.C. § 2401(b)). Unlike the former two issues, the FTCA's statute of limitations is a non-jurisdictional "affirmative defense for which the Government has the burden of proof." *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 486 (5th Cir. 2016) (citing *Wong*, 575 U.S. at 420).

The Government's Motion does not assert the limitations defense. ECF No. 15. But because Johnson proceeds *in forma pauperis*, the Court must *sua sponte* dismiss her FTCA claim under 28 U.S.C. § 1915(e)(2)(B) if "it is clear from the face of [her] complaint" that the statute of limitations bars the claim. *See Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)); *see also Dawson v. Parkland Health & Hosp. Sys.*, No. 3-06-cv-1660-N, 2006 WL 3342622, at *1 n.1 (N.D. Tex. Oct. 19, 2006) ("Section 1915(e)(2)(B) applies equally to prisoner as well as nonprisoner *in forma pauperis* cases."), *rec. adopted*, 2006 WL 3342622, at *1 (N.D. Tex. Nov. 17, 2006).

Assuming Johnson properly presented her claims to the VA within two years after her claim accrued, it appears she sued more than six months after the VA acted on her claim. *See Wong*, 575 U.S. at 405. She alleges, and her documentation supports, that the VA denied her claim on March 5, 2021. ECF No. 20 at 2, 5. The statute of limitations ran six months later, September 5, 2021. Johnson filed this case on September 24, 2021, about nineteen days late. *See* ECF No. 1.

Even so, the Court may equitably toll the limitations period, thus preserving an otherwise time-barred FTCA claim. *Wong*, 575 U.S. at 420. The "plaintiff bears the burden of alleging facts from which the court can infer that equitable tolling is justified." *Johnson v. United States*, No. 4:18-cv-614-A, 2019 WL 339242, at *2 (N.D. Tex. Jan. 28, 2019), *aff'd*, 838 F. App'x 884 (5th Cir. 2021). She must "allege that [she] acted diligently in preserving [her] claim" and "had no

'adequate legal or statutory remedy to avoid the consequences of the statute of limitations.'" *Id.* (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)); *see also Newton v. United States*, No. 3:17-cv-1419-G-BN, 2018 WL 4471785, at *7 (N.D. Tex. July 13, 2018) (requiring allegations of "extraordinary circumstance"), *rec. adopted*, 2018 WL 4467914 (N.D. Tex. Sept. 17, 2018).

Johnson's Complaint, Questionnaire Answers, and Supplemental Questionnaire Answers do not allege facts that would permit an inference that equitable tolling is justified here. *See* ECF Nos. 1, 8, 20. But it is unclear whether the *pro se* Johnson was aware of the FTCA limitations issue, as she did not initially assert an FTCA claim. In the interest of justice, the Court should allow Johnson to file an amended complaint addressing the issue, consistent with the concluding paragraph below.

### IV.   CONCLUSION

The undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion (ECF No. 15) **in part**. The Court should **DISMISS without prejudice** Johnson's claims against Defendant Fort Worth VA Clinic for want of subject-matter jurisdiction. But the Court should liberally construe her complaint as alleging an FTCA claim against the United States. The Court should require Johnson to file within twenty days an amended complaint that, *in addition to* satisfying the general pleading requirements of the Federal Rules of Civil Procedure, addresses the three FTCA issues discussed above. Her amended complaint should (1) name the United States as Defendant; (2) allege all facts showing she presented her claim to the VA; and (3) allege all facts relevant to the statute of limitations issue, including whether she presented her claim to the VA "within two years" of the claim's accrual date and then brought the claim to this Court within "within six months" of the VA's denying it.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on May 4, 2022.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE