IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LATOYA R. JOHNSON, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-01080-O-BP |
| | § | |
| FORT WORTH VA CLINIC, | § | |
| | § | |
| **Defendant.** | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff LaToya Johnson's email correspondence asking the Court "not to dismiss [her] case," but review it "again with a new set of eyes." ECF No. 24 at 1. Before today, the Court had not dismissed Johnson's entire case, just her claims against Defendant Fort Worth Veterans Affairs Clinic ("VA"). *See* ECF No. 22. Liberally construed, Johnson's correspondence is a motion to alter or amend the Court's Final Judgment as to Certain Claims (ECF No. 23) under Federal Rule of Civil Procedure 59(e). Because the motion is without merit, the undersigned recommends that United States District Judge Reed O'Connor **DENY** Johnson's request for reconsideration. The Court further determines Johnson has now pleaded her "best case" and recommends Judge O'Connor **DISMISS** her case **with prejudice**.

I.    BACKGROUND

On May 23, 2022, the Court ordered Johnson to "file an amended complaint consistent with the concluding paragraph of the [undersigned's] Findings, Conclusions, and Recommendation" within "twenty days." *Id.* Consequently, Johnson's deadline to file an amended complaint addressing the deficiencies noted in the Findings, Conclusions, and Recommendation was June 13, 2022. Johnson acknowledged this Order in her email correspondence. *See* ECF

No. 24 at 2. Because Johnson proceeds *pro se,* the Court gave her additional time to comply and file an amended complaint. However, Johnson has not filed an amended complaint as of today's date. Instead, she filed the email asking the Court to reconsider its Final Judgment as to Certain Claims (ECF No. 23).

## II.    LEGAL STANDARDS

"The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). However, the Fifth Circuit has considered these motions under Rule 59(e) and 60(b). Fed. R. Civ. P 59(e) and 60(b); *see Doe v. Bridge City Indep. Sch. Dist.,* No. 20-40596, 2021 WL 4900296 at *1 (5th Cir. 2021) (Because Appellants did not identify any federal rule under which they were moving for consideration, the district court had discretion to analyze the motion as either a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from a judgment or order).

Rule 59(e) provides that a party may move to amend or alter a judgment within twenty-eight days after entry of the judgment. Fed. R. Civ. P (59(e). To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp., Inc.,* 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, this "extraordinary remedy" under Rule 59(e) should be used "sparingly." *Id.* at 479.

### III.    ANALYSIS

Johnson filed her email ten days after the Final Judgment as to Certain Claims, so it is well within the timeline under Rule 59(e). ECF Nos. 23 and 24. Even though her filing was timely, Johnson has not shown she is entitled to reconsideration of the judgment under Rule 59(e). She does not allege a change in controlling law, any error of law or fact, or any new evidence. ECF No. 24. Instead, she rehashes the same timeline of events alleged in her original complaint. *Id.* She also misstates in her email the actual date the VA denied her claim which leads to a miscalculation on her part of the statute of limitations. *Id.* However, the apparent "typographical" error she identifies does not present any new evidence or provide a new avenue for relief, as Johnson was aware of and had previously provided the Court the proper date. ECF No. 20 at 2. The statements in Johnson's email, even taken liberally, are insufficient to support "the extraordinary remedy available in Rule 59(e). *See King v. Life Sch.,* No. 3:10-CV-0042-BH, 2012 WL 1853472 (N.D. Tex. May 21, 2012).

Moreover, as of today, Johnson has not presented any facts or legal arguments showing reconsideration of her complaint would be anything other than futile. An amendment is considered futile if it would not state a claim on which relief could be granted. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). Already having liberally construed Johnson's initial claims, the Court allowed her the opportunity to file an amended complaint addressing the statute of limitations issue, along with the other deficient points. ECF No. 21 at 7. Johnson did not amend her complaint to allege a claim under the Federal Tort Claims Act against the correct party defendant for such a claim after making proper presentment of her claim. *Id.* at 5-6. Even if Johnson could correct these issues, which she has not done, she has not alleged any facts to support a claim of equitable tolling and therefore cannot overcome the running of the statute of limitations that is apparent from the

face of her complaint. ECF No. 6-7. Accordingly, any reconsideration of the complaint would be futile.

A pro se litigant should be afforded an opportunity to amend her complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). However, this opportunity is unnecessary when a plaintiff has already pleaded her "best case." *Id.* at 768. A plaintiff has pleaded her best case after she is "apprised of the insufficiency" of her complaint and does not amend it. *Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985). Here, the Court told Johnson what was missing from her complaint and afforded her the opportunity to replead. ECF No. 21. To date, Johnson has asked for reconsideration, but has not filed an amended complaint that addresses any part of the Court's Findings, Conclusions, and Recommendation. ECF. No. 21 at 7. As a result, the undersigned concludes that Johnson has pleaded her best case and recommends that Judge O'Connor **DISMISS** her case **with prejudice**. The Clerk of Court should terminate the motion status of Johnson's email correspondence. ECF No. 24.

It is so **ORDERED** on September 20, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE